# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant. | Case No. 1:17-cv-01683-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jason Harris ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff's complaint, filed on December 14, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff currently is housed at the United States Penitentiary, Hazelton in Bruceton Mills, West Virginia. The events in the complaint are alleged to have occurred while Plaintiff was housed at the United States Penitentiary, Atwater, in Atwater, California. Plaintiff names the United States as the sole defendant and asserts a claim for violation of the Eighth Amendment to the United States Constitution.

In relevant part, Plaintiff alleges that on December 6, 2016, he was physically, sexually and verbally assaulted and battered. Plaintiff further alleges that there was a use of force "team" conducted on him in cell 117 A Range in the SHU. (ECF No. 1 at p. 3.) Plaintiff was in the shower sitting when "they" came in and began striking him with closed fists to the face, head and upper

body. (Id.) When Plaintiff was turned over to be restrained, he was bent over the shower and his pants were pulled down. One of the officers began wiping OC spray on Plaintiff's anus and genitals and another officer whispered in Plaintiff's ear, "How do you like that faggot." Plaintiff was then placed in an outside rec cage. Around 20 plus inmates, SIS Lt. P. Hayes said, "Harris you're here cause you got caught sucking dick at your last spot and they smash you.!!" (Id.) Plaintiff contends that all or most of this should be on video per policy.

Plaintiff asserts that he suffered multiple bruises, contusions, cuts, scrapes, excessive burning to his anus and genitals and trauma from sexual abuse. Plaintiff seeks damages in the amount of $10,000.

### III. Discussion

#### A. United States as Defendant

A Bivens claim may only be maintained against officials acting under color of federal law in their individual capacities—neither the United States, nor any of its agencies, is a proper defendant. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (federal agencies are not proper defendants in a Bivens action). Thus, the United States is not a proper defendant in this action.

#### B. Bivens Actions Following Ziglar v. Abbasi

Plaintiff is a federal prisoner proceeding under Bivens. To date, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the Bivens remedy is now a disfavored judicial activity," and has "consistently refused to extend Bivens to any new context or new category of defendants. Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017) (citations omitted).

If a claim presents a new context in Bivens, then the court must consider whether there are special factors counseling against extension of Bivens into this area. Abassi, 137 S.Ct. at 1857. The Supreme Court's precedents "now make clear that a Bivens remedy will not be available if there

are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" Id. Thus, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857–58. This requires the court to assess the impact on governmental operations system-wide, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

Plaintiff alleges a claim for excessive force in violation of the Eighth Amendment. As indicated above, in Carlson, the Supreme Court extended Bivens to a claim arising from the Cruel and Unusual Punishments Clause of the Eighth Amendment based on the failure to provide adequate medical treatment. 446 U.S. 14. However, deliberate indifference to a serious medical need, see Carlson, 446 U.S. at 16 n.1, is different than Plaintiff's claims arising out of an alleged use of excessive force. Accordingly, because Plaintiff's Eighth Amendment claim arises in a different context from that of Carlson, the Court also must employ a special factors analysis for this claim. See Ziglar, 137 S.Ct. at 1864 ("[E]ven a modest extension [of Bivens] is still an extension.").

As discussed in Ziglar, "the existence of alternative remedies usually precludes a court from authorizing a Bivens action." Ziglar, 137 S.Ct. at 1865. It is clear that Plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process and a federal tort claims action. Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." Id. As noted by the Supreme Court:

> Some 15 years after Carlson was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to Bivens suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.

Id. (internal citations omitted). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new Bivens claim. This deficiency cannot be cured by

4

amendment.

**C. Verbal Harassment**

Insofar as Plaintiff alleges that prison staff verbally harassed him, Plaintiff's complaint fails to set forth a viable claim. The Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

**IV. Conclusion and Recommendation**

Plaintiff's complaint fails to state a cognizable Bivens claim for relief under federal law. The deficiencies in Plaintiff's complaint cannot be cured by amendment, and thus leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. This action be dismissed for failure to state a cognizable claim for relief pursuant to 28 U.S.C. § 1915A; and

2. Plaintiff's pending motions, if any, be terminated.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 27, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

5