# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 1:17-cv-01683-DAD-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 18)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO ALLEGE COMPLIANCE WITH CLAIM PRESENTATION REQUIREMENT OF THE FEDERAL TORT CLAIMS ACT<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Jason Harris ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2401 *et seq*.

On June 28, 2018, the Court issued findings and recommendations recommending that this action be dismissed for failure to state a cognizable Bivens claim for relief under federal law. (ECF No. 18.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 5.) Plaintiff timely filed objections on July 9, 2018. (ECF No. 19.)

///

1

In his objections, Plaintiff argues that his complaint was filed solely under the FTCA, and did not include any claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff requests that his complaint be reviewed and properly filed as a FTCA action. (ECF No. 19.)

The United States is the only proper defendant in a FTCA action." Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). The United States is not liable under the Federal Tort Claims Act for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478 (1994); Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to the plaintiff under California tort law. United States v. Olson, 546 U.S. 43, 44 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to the plaintiff by the United States "must be found in California state tort law." Delta Savings Bank, 265 F.3d at 1025.

In addition, a suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

Although Plaintiff has named the United States the sole defendant, Plaintiff has not alleged compliance with the FTCA. Plaintiff's allegation in the complaint that he filed an inmate appeal does not satisfy the exhaustion requirement with respect to his FTCA claim. In light of Plaintiff's objections, Plaintiff will be permitted an opportunity to supplement or amend his complaint to allege compliance with the claim presentation requirement of the FTCA.

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed for failure to allege compliance with the claim presentation requirement of the FTCA. Plaintiff may comply with this order to show cause by filing a first amended complaint curing the deficiencies

identified in this order.  **The failure to comply with this order will result in dismissal of this action for failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

    Dated:   **July 17, 2018**          /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE