# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARRIS, | Case No. 1:17-cv-01683-DAD-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| UNITED STATES OF AMERICA, | (ECF Nos. 1, 21) |
| Defendant. | **THIRTY (30) DAY DEADLINE** |

**I.     Background**

Plaintiff Jason Harris ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2401 *et seq*.

On June 28, 2018, the Court issued findings and recommendations recommending that this action be dismissed for failure to state a cognizable Bivens claim for relief under federal law. (ECF No. 18.) Plaintiff timely filed objections on July 9, 2018. In his objections, Plaintiff argued that his complaint was filed solely under the FTCA, and did not include any claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (ECF No. 19.)

In light of Plaintiff's objections, on July 17, 2018, the Court vacated the findings and recommendations and issued an order directing Plaintiff to show cause why this action should not

1

be dismissed for failure to allege compliance with the claim presentation requirement of the FTCA. (ECF No. 20.) Plaintiff filed a response supplementing his complaint with a copy of a letter from Dennis M. Wong, Western Regional Counsel, which indicates that Plaintiff's administrative claim was denied. (ECF No. 21.)

## II. The Federal Tort Claims Act

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies by filing a claim with the appropriate federal agency within two years of the act or injury. 28 U.S.C. § 2675(a). Thus, only after an administrative claim is denied, or deemed denied, may a claimant file an action in federal court. Id.; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). If the agency denies an administrative claim, suit must be filed within six months of the date of mailing of such denial. 28 U.S.C. § 2401(b).

Significantly, exhaustion of administrative remedies cannot be waived. Brady v. United States, 211 F.3d 499, 503 (9th Cir. 2000) see also Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006) ("the exhaustion requirement . . . must be interpreted strictly."). However, the statute of limitations is subject to equitable tolling in certain circumstances. See United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015).

## III. Discussion

Plaintiff alleges that he received a letter dated March 20, 2017, indicating that his claim under the FTCA was denied. The letter further states, "If you are not satisfied with this determination, you are afforded six months from the mailing of this letter to bring suit in the appropriate United States District Court." (ECF No. 21, p. 3.) Despite being informed that an action needed to be initiated with a district court no later than September 20, 2017, Plaintiff did not file the complaint in this action until December 14, 2017. (ECF No. 1.)

The Supreme Court of the United States determined that a statute of limitations is subject to tolling on equitable grounds. Wong, 135 S. Ct. at 1632. However, the equitable tolling doctrine is "to be applied sparingly." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113

(2002). A party seeking equitable tolling "bears a heavy burden to show that [they are] entitled to equitable tolling, 'lest the exceptions swallow the rule[.]' " Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2014) (quoting Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010)).

The Supreme Court determined "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 755 (2016) (citation omitted). The first element "covers those affairs within the litigant's control," and prevents tolling "when a litigant was responsible for [his] own delay." Id. at 756. Thus, the Court must determine "whether the plaintiff was 'without any fault' in pursuing his claim." Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1052 (9th Cir. 2013), aff'd Wong, 135 S. Ct. at 1630. The second element requires the party to show "some extraordinary circumstance stood in [his] way and prevented timely filing" of the action. Menominee Indian Tribe, 136 S. Ct. at 755 (citation omitted).

Plaintiff does not address the fact that the complaint in this action was filed after the six-month deadline, nor does he include any allegations regarding his efforts to pursue his rights prior to filing the complaint. Without further factual allegations, the Court is unable to determine whether the doctrine of equitable tolling should be applied to this action.

**IV.     Conclusion and Order**

Plaintiff will be given a **final opportunity** to amend his complaint, to provide information to the Court regarding whether the doctrine of equitable tolling should be applied in this case, as discussed above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 678, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th

Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes all attachments and exhibits.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. **<u>If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim</u>.**

IT IS SO ORDERED.

Dated: **August 6, 2018**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE