# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01683-DAD-BAM (PC)<br><br>ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO FILE A CERTIFIED COPY OF HIS TRUST ACCOUNT STATEMENT<br><br>**THIRTY (30) DAY DEADLINE**<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br>(ECF No. 17)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jason Harris ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2401 *et seq.*

On March 14, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed Plaintiff to submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. (ECF No. 13.)

On May 11, 2018, Plaintiff filed a motion for his account balance to be court ordered from USP Hazelton, where he is currently housed, due to difficulties he has encountered from staff in obtaining his own copy. (ECF No. 15.) In light of the stated difficulties, the Court granted

1

Plaintiff an extension of time to submit his trust account statement. (ECF No. 16.)

On June 18, 2018, Plaintiff filed a second motion requesting that the Court order his account balance from USP Hazelton. (ECF No. 17.) Plaintiff states that he has tried multiple ways to obtain his statement from staff, with no success. The Court construes the request as a motion for preliminary injunction.

**I.     Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

In his motion, Plaintiff does not seek injunctive relief against a named defendant in this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons before the court.*" Zepeda v. U.S. Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, the Court must deny Plaintiff's motion because it lacks jurisdiction over any staff at USP Hazelton who, he reports, have failed to provide him a certified copy of his trust account statement.

However, in light of Plaintiff's continuing allegations regarding his difficulties in obtaining a trust account statement, the Court finds it appropriate to extend the deadline for Plaintiff to submit his statement.

## II. Order and Recommendation

Accordingly, the Court HEREBY ORDERS that:

1. The deadline for Plaintiff to submit a certified copy of his trust account for the six-month period immediately preceding his filing of this action is extended to **thirty (30) days** from the date of service of this order; and

2. The Clerk of the Court is directed to forward a copy of this Order and Plaintiff's motion, (ECF No. 17), to the Warden's Office and the Litigation Coordinator at USP Hazelton, that they might be made aware of the difficulty Plaintiff is experiencing in obtaining a certified copy of his trust account statement.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 17), be DENIED for lack of jurisdiction.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 29, 2019**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE