# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>        Defendants. | Case No. 1:17-cv-01683-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.     Background

Plaintiff Jason Harris ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2401 *et seq.*

On March 14, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed Plaintiff to submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. (ECF No. 13.) On May 11, 2018, Plaintiff filed a motion for his account balance to be court ordered from USP Hazelton, where he is currently housed, due to difficulties he has encountered from staff while trying to obtain his own copy. (ECF No. 15.) In light of his stated difficulties, the Court granted Plaintiff an extension of time to submit his trust account statement. (ECF No. 16.)

On June 18, 2018, Plaintiff filed a second motion request that the Court order his account balance from USP Hazelton. (ECF No. 17.) The Court construed the request as a motion for preliminary injunction, and on January 29, 2019, the undersigned issued findings and

recommendations to deny the motion and to extend the deadline for Plaintiff to file his trust account statement by another thirty days. (ECF No. 24.) The findings and recommendations provided Plaintiff with an opportunity to file objections within fourteen days. (Id.) After receiving no objections, the findings and recommendations were adopted in full by the assigned District Judge on February 26, 2019. (ECF No. 26.) Plaintiff's trust account statement was due on or before March 4, 2019.

On March 4, 2019, the Court's findings and recommendations were returned as "Undeliverable, RST, Refused, Unable to Forward." On March 14, 2019, the District Judge's order adopting the findings and recommendations were also returned as "Undeliverable, Refused." Plaintiff has not filed the required trust account statement or a notice of change of address, and he has not otherwise communicated with the Court.

## II.    Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to Local Rule 183(b), Plaintiff's address change was due no later than May 6, 2019.  Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court.  "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  Hells Canyon Pres. Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's orders, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. Id. at 1228–29; Carey, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III. Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 13, 2019**             /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE